**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN JOSE GARCIA GARAY,

     Petitioner,

v.

WARDEN, Otero County Processing
Center; MARY DE ANDA-YBARRA;
MARKWAYNE MULLIN; U.S.
ATTORNEY GENERAL; and TODD
LYONS,

     Respondents.

Case No. 2:26-cv-01454-MIS-LF

**ORDER GRANTING SECOND AMENDED PETITION FOR WRIT OF HABEAS**
**CORPUS**

**THIS MATTER** is before the Court on Petitioner Juan Jose Garcia Garay's Second Amended Petition for Writ of Habeas Corpus ("Petition"), ECF No. 5, filed May 15, 2026. Petitioner is a citizen of Nicaragua who was paroled into the United States in November 2022 and thereafter filed an Application for Asylum. Form I-213 Narrative, ECF No. 8-2 at 2.

On November 11, 2025, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner in Illinois. See id. He is charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Form I-213 Narrative, ECF No. 8-2 at 1. The narrative of Petitioner's arrest indicates he was issued an expedited order of removal on July 8, 2025 and "released that same day." Id. at 2. Respondents' Response does not represent that Petitioner is under an expedited order of removal.

Expedited orders of removal are issued to aliens arriving at the border who lack proper entry documentation. See 8 U.S.C. § 1225(b)(1)(A)(i). They are not issued to aliens who have been "admitted or paroled into the United States." Id. § 1225(b)(1)(A)(iii)(II). Furthermore, expedited orders of removal are typically carried out within "a few days or even hours." Suarez-Lugo v. Bondi, 819 F. Supp. 3d 653, 659 (S.D. Tex. 2026). Respondents do not provide the expedited removal order, a reason why an expedited order of removal would be issued against an immigrant alien complying with conditions of parole, or a reason why Petitioner would be released immediately after the order was issued. Form I-213 Narrative, ECF No. 8-2 at 2.

Since Petitioner was released after the supposed issuance of the expedited removal order, id., has been in custody for seven months without any action being taken, Pet. at 6, has made subsequent immigration filings for asylum and withholding of removal, see infra, and Respondents do not mention an expedited removal order in their Response, ECF No. 8, the Court does not believe Petitioner is under an expedited order of removal.

On May 15, 2026, Petitioner filed the instant Petition requesting a writ of habeas corpus requiring that Respondents immediately release him from ICE custody. Pet. at 7. On June 1, counsel for Petitioner filed an Application for Asylum and for Withholding of Removal. Status Rep. at 1, ECF No. 10. On June 2, 2026, the Immigration Court issued a hearing reset notice scheduling a Master Calendar Hearing for June 16, 2026. Id. The hearing reset notice "may indicate that no final decision was rendered at the June 2, 2026 hearing." Id. at 2.

Also on June 1, 2026, the Federal Respondents filed a Response to the Petition.[1] ECF No. 8. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-

similar" to <u>Duhan v. Noem</u>, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in <u>Duhan v. Noem</u>, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." <u>Id.</u> at 2-3. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). <u>Id.</u> at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in <u>Lopez-Romero v. Lyons</u>, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See generally</u> Resp., ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

---

mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

1. Petitioner Juan Jose Garcia Garay's Second Amended Petition for Writ of Habeas Corpus, ECF No. 5, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Juan Jose Garcia Garay from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE